HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAD M. BEACH,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-855 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Petitioner Shad M. Beach's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **GRANTS** Beach's motion.

## II. BACKGROUND

On November 19, 2012, Petitioner Shad M. Beach pleaded guilty to one count of being a felon in possession of a firearm. At sentencing, the Court determined that Beach qualifies as a career offender under § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G.") because he had previously been convicted of a "crime of violence," a term defined by reference to U.S.S.G. § 4B1.2(a). His previous convictions that the Court considered crimes of violence under the enhancement were for "attempting to elude." PSR ¶¶ 12, 33, 41. Based on this determination, the Court set Beach's total offense level at 25, resulting in a guideline range of 110 to 137 months of incarceration. Had he not been sentenced as a career offender, his guideline range would have been 41

ORDER – 1

1  to 51 months.  Dkt. 6 at 2.  After applying the sentencing factors under 18 U.S.C.
2  § 3553(a), the Court sentenced Beach to a term of 72 months.  *Id.*

3  On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct.
4  2551 (2015).  The Court held that the residual clause of the Armed Career Criminal Act
5  ("ACCA") violates the Constitution's guarantee of due process because it is
6  unconstitutionally vague.  *Id.* at 2557.   The residual clause defines the term "violent
7  felony" to include any crime that "otherwise involves conduct that presents a serious
8  potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  Section
9  2K2.1(a)(2), by reference to § 4B1.2, uses similar language to define the term "crime of
10 violence."  U.S.S.G. § 2K2.1, cmt. n.1.

11 On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct.
12 1257 (2016).  In *Welch*, the Court held that its decision in *Johnson* invalidating the
13 ACCA's residual clause "announced a substantive rule that has retroactive effect in cases
14 on collateral review."  *Id.* at 1268.

15 On June 7, 2016, Beach filed a petition under 28 U.S.C. § 2255 challenging the
16 Court's determination that he qualifies as a career offender under § 2K2.1(a)(2).  Dkt. 1.
17 Beach contends that, based on the Supreme Court's holding in *Johnson*, his prior
18 convictions do not qualify as crimes of violence, and thus, that it was improper to
19 sentence him as a career offender.  *Id.*  The Government opposes the motion.  Dkt. # 9.

### III. DISCUSSION

a. *Johnson* Applies Retroactively

The Government contends that the Supreme Court's decision in *Johnson* does not apply retroactively to a defendant seeking to challenge a USSG calculation on collateral review.  The Court recently addressed this issue and found that *Johnson* does apply retroactively to such cases.  *See Haffner v. United States*, No. C16-448-RAJ, 2016 WL 6897812, at *3-4 (W.D. Wash. Nov. 23, 2016); *see also Gibson v. United States*, No. C15-5737 BHS, 2016 WL 3349350, at *2 (W.D. Wash. June 15, 2016); *Pressley v.*

ORDER – 2

*United States*, No. C16-510RSL, 2016 WL 4440672, at *2 (W.D. Wash. Aug. 11, 2016). The Court declines to deviate from its previous holding. *Johnson* applies retroactively to Beach's claim.

### b. Beach's Claims Are Not Procedurally Defaulted

The Government argues that Beach's claims are procedurally defaulted because he did not argue on direct appeal that his previous convictions are not crimes of violence. Beach does not dispute that he failed to raise this issue on direct appeal; instead, he argues that his failure to do so is excused by cause and prejudice.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013) (quoting *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012)). A petitioner may establish cause by showing that the constitutional claim at issue "is so novel that its legal basis [was] not reasonably available to counsel" at the time of direct appeal. *Reed v. Ross*, 468 U.S. 1, 16 (1984).

The Court, having rejected an identical argument by the Government in a separate matter, finds that Beach's *Johnson* argument was not reasonably available to him on direct appeal. *See Haffner v. United States*, No. C16-448-RAJ, 2016 WL 6897812, at *4 (W.D. Wash. Nov. 23, 2016) ("Petitioner has demonstrated that the *Johnson* decision specifically overruled existing precedent . . . , overturned a longstanding and widespread practice to which a near-unanimous body of lower court authority had adhered and disapproved a practice which the Supreme Court itself had previously sanctioned . . . . Under *Reed*, this means that Petitioner has established that his claim was not 'reasonably available to him at the time he could have filed a direct appeal.").

### c. Beach's Claims Are Timely

The Government contends that Beach's motion is untimely. But Beach filed the instant motion on June 7, 2016, within one year of the Court's decision in *Johnson*, which was published on June 26, 2015. Thus, Beach filed his motion within the statute of

ORDER – 3

limitations set forth under 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Beach's motion.  The Court finds that Beach was erroneously sentenced as a career offender in violation of the law.  The Court **VACATES** and **SETS ASIDE** the judgment in *United States v. Shad M. Beach*, Case No. CR-12-56-RAJ-1, Dkt. No. 25 (W.D. Wash. 2013).  The Court will resentence Beach, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

DATED this 24th day of January, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4